IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VICTOR A. HUNTLEY-EL,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No. 1:24-cv-01956-JMC |
| **BROADWAY SERVICES LLC,** | * | |
| *Defendant.* | * | |
| | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff, Victor A. Huntley-El, filed the present lawsuit against Defendant, Broadway Services LLC, on July 3, 2024, alleging that Defendant violated the American Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA") by terminating his employment after he smoked medically recommended marijuana at a job site. (ECF No. 1). Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on September 25, 2024. (ECF No. 26). The Motion is fully briefed (ECF Nos. 28, 29)[1] and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion will be GRANTED.

    **I.**    **BACKGROUND**[2]

---

[1] The Court notes that ECF No. 28 is docketed as a "Motion to Deny Dismissal but to Proceed for Trial or Evidentiary Hearing" but will consider the filing an Opposition to Defendant's Motion to Dismiss. *See United States v. Wilson*, 69 F.3d 789, 797 (4th Cir. 2012) (acknowledging that the courts' duty to liberally construe the claims of *pro se* litigants).

[2] At the motion to dismiss stage, the Court "accept[s] as true all well-pleaded facts and construe[s] them in the light most favorable to the plaintiff." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

The relevant conduct in this matter occurred between June 1, 2023 and June 29, 2023, while Plaintiff was employed by Defendant.[3] (ECF No. 1 at 4).[4] On June 9, 2023, Plaintiff's supervisor asked Plaintiff and an unknown number of additional employees to wait outside of a job site for the last fifteen minutes of their shift. *Id.* at 6; (ECF No. 29-1 at 3). During this time, and while standing in a dedicated smoking area, Plaintiff smoked marijuana. (ECF No. 1 at 6). Plaintiff is "authorized to smoke medical marijuana to aid [his] mental health issues" and Defendant was "aware of [Plaintiff's] medical conditions and were at no time disagreeable with [these] conditions." *Id.* Plaintiff states his disability is psychiatric, *id.* at 4, and adds that he has "depression and other psychological issues" in his response to Defendant's Motion to Dismiss. (ECF No. 28 at 2). Plaintiff was thereafter terminated from his employment with Defendant solely due to his marijuana use at the job site. (ECF No. 1 at 6).

Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2023, alleging that Defendant discriminated against him on the basis of his disability in violation of the ADA. (ECF No. 29-1 at 3). Specifically, Plaintiff contended:

> I have been employed by the above-named Respondent since June 2023, as a Janitor. Upon hiring Respondent was aware of my disability and the medications I was prescribed. On June 9, a female site supervisor (NU) disciplined me for smoking medical cannabis on premises in a designated smoking area. On June 23, 2023, I was terminated.
>
> Respondent stated I was terminated for smoking on the client's site.

---

[3] Plaintiff also indicates that Defendant is "still committing these acts against" him. (ECF No. 1 at 4).
[4] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

*Id.* The EEOC issued Plaintiff a right-to-sue notice on July 3, 2024, and Plaintiff filed the present lawsuit the same day. (ECF No. 1-2 at 4).

## II.  LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted).  A Rule 12(b)(6) motion "constitutes an assertion by a defendant that, even if the facts alleged by plaintiff are true, the complaint fails as a matter of law, to state a claim upon which relief can be granted." *Jones v. Chapman*, 2015 WL 4509871, at *5 (D. Md. July 24, 2015).

Whether a complaint states a claim for relief is assessed in accordance with the pleading requirements of FRCP 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted).  The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

3

"If the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it shall treat the motion as one for summary judgment, to be disposed of under Rule 56, and provide all parties a 'reasonable opportunity to present all material made pertinent to such a motion.'" *Nader v. Blair*, No. WDQ-06-2890, 2007 WL 6062652, at *4 (D. Md. Sept. 27, 2007), *aff'd*, 549 F.3d 953 (4th Cir. 2008) (quoting Fed. R. Civ. P. 12(b)). However, "[u]nder limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019). "Those limited circumstances are matters of public record, documents explicitly incorporated into a complaint by reference or attached to the complaint as exhibits, or any document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Shields v. Verizon Md., LLC*, No. 1:23-CV-02932-JMC, 2024 WL 1050996, at *4 (D. Md. Mar. 11, 2024) (quotation omitted). "A document is integral to the complaint if its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022), *and aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022) (quotation omitted).

Defendant attached a copy of Plaintiff's EEOC charge to its Reply brief. (ECF No. 29-1). Here, because Plaintiff relies on his EEOC charge in bringing this lawsuit and references it consistently throughout his Complaint, the Court deems the charge to be part of Plaintiff's pleadings and will resolve Defendant's motion with reference to the charge without converting the motion into one for summary judgment. *See, e.g.*, *White v. Mortg. Dynamics, Inc.*, 528 F. Supp. 2d 576, 579 (D. Md. 2007) (concluding EEOC charge of discrimination was "integral to

complaint" and therefore conversion of motion to dismiss to one for summary judgment was unnecessary).

### III. ANALYSIS

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Plaintiff asserts that Defendant's discriminatory conduct includes: (1) termination of his employment; (2) failure to accommodate his disability; (3) unequal terms and conditions of employment; and (4) retaliation. (ECF No. 1 at 4).

A. <u>Plaintiff failed to exhaust administrative remedies with respect to his claims for retaliation and unequal terms and conditions of employment.</u>

Defendant advocates for dismissal of Plaintiff's retaliation and unequal terms and conditions of employment claims because "Plaintiff failed to raise these claims before the EEOC, a necessary condition precedent to any ADA claim." (ECF No. 29 at 3). Defendant asserts that "[t]his deprived [Defendant] of any opportunity to investigate these claims or to factor these claims into the attempts made at conciliation with Plaintiff." *Id.* Plaintiff does not address Defendant's argument in his Opposition. (ECF No. 28).

Defendant is correct that "a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court[.]" *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012) (first citing 42 U.S.C. § 12117(a); then citing 42 U.S.C. § 2000e-5(b), (f)(1)). The exhaustion requirement is not merely "a formality to be rushed through," but an important part of the process which "ensures that the employer is put on notice of the alleged violations," and provides an opportunity "to address the alleged discrimination prior to litigation."

*Id.* (first quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005); then quoting *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005)). To preserve the goals of providing notice and an opportunity for agency response, the Fourth Circuit has held that the "scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Id.* (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)).

That said, the Fourth Circuit has also cautioned that "[w]hile it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id.* Plaintiffs are therefore not required to detail their claims explicitly and precisely to the EEOC in order to exhaust their administrative remedies. *Id.*; s*ee also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent suit.") (citing *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 341 (4th Cir. 1981). Further, the Supreme Court has made clear that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* (quoting *Fed. Express Corp. v. Holowicki*, 552 U.S. 389, 406 (2008)).

Even construing the facts alleged in the EEOC charge in favor of preserving Plaintiff's rights and statutory remedies, Plaintiff's narrative does not contain any facts indicating retaliation or unequal terms or conditions of employment. The ADA's retaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

chapter." 42 U.S.C. § 12203(a); *see also Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (2012) ("To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct; (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." (citation omitted)). With respect to Plaintiff's unequal terms and conditions claim, the Fourth Circuit has recognized that a claim for unequal terms and conditions under the ADA creates a hostile work environment cause of action. *Chappel v. Balt. Cnty. Pub. Schs.*, No. ELH-18-3328, 2019 WL 1746697, at *5 (D. Md. Apr. 17, 2019) (citing *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 175-76 (4th Cir. 2001)). A plaintiff alleging a hostile work environment must show:

> (1) [H]e is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.

*Id.* (quoting *Fox*, 247 F.3d at 177). A plaintiff must allege "not only that he subjectively perceived his workplace environment as hostile, but also that a reasonable person would so perceive it, i.e., that it was objectively hostile." *Id.* (quoting *Fox*, 247 F.3d at 178). In determining whether a workplace is objectively hostile, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (citations omitted).

Plaintiff provides scant details in his EEOC complaint: he alleges simply that he smoked medical marijuana at a job site and was terminated as a result. (ECF No. 29-1 at 3). Plaintiff asserts no facts suggesting that Defendant discriminated against him on the basis that he made a charge, testified, or participated in an investigation under the ADA (i.e., a protected activity) as would be necessary to infer a retaliation claim. Likewise, Plaintiff's EEOC charge makes no reference to

7

harassment of any kind, much less harassment that is "sufficiently severe or pervasive" such that a reasonable personal would perceive it as hostile, as would be needed to infer a claim for unequal terms and conditions. Accordingly, Plaintiff's claims for retaliation and unequal terms or conditions of employment must be dismissed for failure to exhaust administrative remedies.

    B. <u>The ADA provides no protection to Plaintiff against actions taken on the basis of his medical marijuana use.</u>

The Court will next turn to Plaintiff's claims for wrongful termination and failure to accommodate. Defendant contends that Plaintiff's claims must fail because termination for use of an illegal substance at work does not amount to discrimination or failure to accommodate a disability under the ADA. (ECF No. 26-1 at 4). Defendant further argues that "[t]he ADA does not require an employer to tolerate an employee's use of drugs that are illegal under federal law, nor does it require an employer to accommodate an employee by allowing them to use medical marijuana on the job, even if state law allows for medical marijuana." *Id.* at 5. Plaintiff does not directly address Defendant's position, but stresses that marijuana is a medication used to treat his depression and other psychological issues, and maintains that his use is "both medically documented and legally enforced." (ECF No. 28 at 2).

The ADA prohibits employers from discrimination on the basis of disability against "qualified individual[s]," and defines such individuals as those "who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. §§ 12111-12. However, § 12114 excludes persons currently engaging in illegal drug use from the definition of "qualified individuals" when the employer acts on the basis of the individual's drug use. 42 U.S.C. § 12114(a) ("[A] qualified individual with a disability shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such drug use."). Illegal drug use is defined under the ADA by reference

8

to the Controlled Substances Act (CSA), which classifies marijuana as a Schedule I illegal substance. 42 U.S.C. § 12111(6); 21 U.S.C. § 812. The ADA additionally specifies an exception to the exclusion of persons engaging in illegal drug use, providing that "illegal use of drugs . . . does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substance Act." 42 U.S.C. § 12111(6)(A).

As states increasingly legalize medical and recreational marijuana use, courts have started to consider the question of whether a state-authorized user of medical marijuana may claim protections against discrimination on the basis of the exception under § 12111(6)(A) (i.e., when the use is related to a disability and supervised by a licensed health care professional). *See, e.g.*, *Eccleston v. City of Waterbury*, No. 3:19-cv-1614, 2021 WL 1090754, at *4 (D. Conn. Mar. 15, 2021) ("Although Connecticut has enacted laws prohibiting discrimination on the basis of authorized use of marijuana, it is somewhat unclear whether a state-authorized medical marijuana user may claim protections under the ADA against discrimination on the basis of medical marijuana use[.]"). By way of example, in *James v. City of Costa Mesa*, the Ninth Circuit examined whether medical marijuana users were eligible for relief under the ADA after the city limited their access to medical marijuana dispensaries. 700 F.3d 394, 396 (9th Cir. 2012). The Ninth Circuit concluded that state-authorized medical marijuana was not covered by the ADA's supervised use exception, and held that because the alleged discrimination was undisputedly based on the plaintiff's medical marijuana use, plaintiffs failed to state a cognizable claim under the ADA. *Id.* at 396, 397 n.5 ("Congress has made clear, however, that the ADA defines 'illegal drug use' by reference to federal, rather than state, law, and federal law does not authorize plaintiffs' medical marijuana use. We therefore necessarily conclude that the plaintiffs' medical marijuana use is not protected by the ADA."). Courts in other districts have likewise concluded that "an individual who

uses medical marijuana cannot state a *prima facie* case under the ADA for discrimination on the basis of medical marijuana use." *Eccleston*, 2021 WL 1090754, at *6 ("I agree with the courts that have reasoned that even physician-supervised medical marijuana use does not fit within the supervised-use exception identified in the ADA. To read otherwise would place it in direct tension with the clear provisions of the CSA[.]"); *Steele v. Stallion Rockies, Ltd.*, 106 F. Supp. 3d 1205, 1212 (D. Colo. 2015) (holding termination due to the plaintiff's medical marijuana use did not constitute discrimination under the ADA). Similarly, in *Anderson v. Diamondback Investment Group*, the Fourth Circuit held that an employer could not be held liable for wrongful termination or failure to accommodate under the ADA where the plaintiff was terminated based a positive drug screening indicating the presence of marijuana. 117 F.4th 165, 177-80 (4th Cir. 2024). Although the plaintiff asserted that the positive result was due to her medically recommended use of CBD, a hemp derived product, the Fourth Circuit upheld summary judgment in favor of the employer, explaining:

> [The employer] was free to implement a drug testing policy that results in the termination of an individual taking what the unchallenged drug test results showed to be an illegal drug –marijuana– to treat a disability, if that policy doesn't have, as a goal, the intentional exclusion of any individual taking a *lawfully prescribed* drug to treat a disability.

*Id.* at 180 (emphasis in original).

The undersigned notes that the *Eccleston*, *Steele*, and *Anderson* plaintiffs were not alleged to have used medical marijuana while at work, while Plaintiff has admitted to smoking marijuana at a job site. (ECF No. 1 at 6). The ADA expressly permits employers to "prohibit the illegal use of drugs and the use of alcohol at the workplace by all employees" and provides that employers "may require that employees shall not be under the influence of alcohol or be engaging in the illegal use of drugs at the workplace." 42 U.S.C. § 12114(c)(1) - (2). With these principles in mind,

the Court holds that Plaintiff cannot state a claim under the ADA for termination on the basis of his medical marijuana use at a job site. The ADA's protections do not extend to "any employee or applicant who is currently engaging in the illegal use of drugs, *when the covered entity acts on the basis of such drug use*." 42 U.S.C. § 12114(a) (emphasis added).[5] Although medical marijuana is legal under Maryland law,[6] marijuana remains illegal under federal law, and a review of the relevant case law indicates that even physician-supervised and state-authorized medical marijuana use does not fall within the supervised-use exception under § 12111(6)(A) of the ADA. COMAR 14.14.07.01-.09 (2024); 21 U.S.C. § 812. It is undisputed that Plaintiff was terminated on the basis of his use of marijuana while at work. (ECF No. 1 at 6). The facts alleged by Plaintiff, even construed in the light most favorable to him, cannot sustain claims for wrongful termination and failure to provide a reasonable accommodation under the ADA. Accordingly, Plaintiff's remaining claims fail as a matter of law and will be dismissed.

### IV.   CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 26) is GRANTED. Plaintiff's claim is hereby dismissed without prejudice and the Clerk is directed to close this case.

Date: December 2, 2024

/s/
J. Mark Coulson
United States Magistrate Judge

---

[5] The use of medical marijuana does not fully exclude a person from bringing a claim under the ADA – medical marijuana users simply cannot bring an ADA claim where the employer's purported discrimination is based on a plaintiff's marijuana use. *Eccleston*, 2021 WL 1090754, at *6 ("Equally clear, however, is that the use of medical marijuana does not waive protections of the ADA wholesale."); *James*, 700 F.3d at 397 n.3 ("We do *not* hold . . . that medical marijuana users are not protected by the ADA in any circumstance. We hold instead that the ADA does not protect medical marijuana users who claim to face discrimination *on the basis* of their marijuana use.").

[6] At the time of Plaintiff's termination in 2023, medical marijuana regulations were set forth under Subtitle 62, Title 10 of the Maryland Code of Regulations. COMAR 10.62.30.05 (2023).